STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
GEORGE RAYMOND PHILLIPS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division.

Argued November 18, 1968—Decided November 18, 1968.

Before Judges GOLDMANN, KOLOVSKY and CARTON.

*Mr. William L. Boyan,* Assistant Prosecutor, argued the cause for appellant (*Mr. Vincent R. Panaro,* Mercer County Prosecutor, attorney).

*Mr. Harry R. Hill, Jr.* argued the cause for respondent.

Per Curiam. The State moved for leave to appeal from the trial judge's determination that the State could not offer in evidence, in a murder trial now pending, three written statements of defendant relating to a stolen car belonging to the victim. The stated grounds for the ruling were that (1) since the statements were made after complaints had been filed charging defendant with theft of the car and illegal possession of another stolen car, and when he was without the assistance of counsel, they were inadmissible even though voluntary, citing *Massiah v. United States,* 377 *U. S.* 201, 84 *S. Ct.* 1199, 12 *L. Ed. 2d* 246 (1964), and *State v. Green,* 46 *N. J.* 192 (1965); and (2) in any event, the statements were not relevant to the murder charge. We granted leave to appeal and, by agreement of counsel, proceeded to oral argument and a determination in order that the trial might continue without delay.

*Massiah* and *Green* dealt with situations where the defendant's written statement was made after indictment and when he was without the assistance of counsel. In neither case did the court say, or as much as imply, that the rule laid down would extend to a situation where, as here, no indictment had yet been returned but only a complaint filed.

As for the trial judge's second reason, we find defendant's statements relevant to the issue of homicide. The several statements defendant gave F. B. I. Special Agent Wells and Detectives Fowler and Tucker set out his version of how he obtained possession of the car and at what place and what time, the route he followed to reach Yakima, his gasoline purchases, etc. When considered in the light of other proofs adduced by the State, these statements have the potential of inculpating defendant in the alleged homicide.

■ We find no merit in defendant's argument that the statements were not admissible under *Miranda v. Arizona*, 384 *U. S.* 436, 86 *S. Ct.* 1602, 16 *L. Ed. 2d* 694 (1966). It appears that he was several times fully informed as to his *Miranda* rights and that he voluntarily, knowingly and intelligently waived them when he gave the statements in question.

Reversed with the direction that the three statements be admitted in evidence.